NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| XL INSURANCE AMERICA INC. formerly known as WINTERTHUR INTERNATIONAL AMERICAN INSURANCE COMPANY, | : : : : : : | |
| Plaintiff, | : : | Civ. No. 04-407 (GEB) |
| v. | : : | **MEMORANDUM OPINION** |
| EDWARD T. SMYTH, SR., STEPHEN BURTON and KIM BURTON, | : : : | |
| Defendants. | : : | |
| v. | : : | |
| NEW JERSEY MANUFACTURERS INSURANCE COMPANY, | : : : | |
| Third Party Defendant. | : : | |

**BROWN, District Judge**

This matter comes before the Court upon the entry of an Order to Show Cause why Defendant/Third Party Plaintiff Edward T. Smyth's ("Smyth") third party complaint and counterclaims for attorneys' fees and costs should not be dismissed in accordance with this Court's February 8, 2005 Memorandum Opinion. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons discussed below, will dismiss Smyth's claims and direct that this matter be marked closed.

I.      ANALYSIS

A detailed recitation of the facts may be found in this Court's Memorandum Opinion accompanying its Order of February 8, 2005.  The Court will not reiterate the factual and procedural history provided within that Opinion.  In the Opinion, the Court addressed Smyth's contention that he should be awarded the attorneys fees and costs incurred in retaining private counsel in the underlying personal injury action and in defending and prosecuting the declaratory judgment action.  This Court found that Smyth had failed to demonstrate his entitlement to fees and costs.  The Court distinguished the cases relied on by Smyth to support his position, emphasizing that "[i]n this case, Smyth was provided with a defense, albeit under a reservation of rights, and he did not initiate the declaratory judgment action," and that special circumstances did not exist to warrant an award of fees and costs.  See February 8, 2005 Opinion at 18 (distinguishing NJ. Mfr. Co. v. Consolidated Mutual Ins. Co., 124 N.J. Super. 598 (N.J. Super. Ct. Law Div. 1973) and Aquino v. State Farm Ins. Co., 349 N.J. Super. 402 (N.J. Super. Ct. App. Div. 2002)).  Further, the Court noted that Smyth had failed to provide an affidavit of services and bill of costs.

On July 29, 2005, this Court entered an Order to Show Cause why Smyth's third party claims and counterclaims for attorneys' fees and costs should not be dismissed in accordance with this Court's February 8, 2005 Memorandum Opinion.  On July 29, 2005, Smyth filed his response to the Order to Show Cause.  On August 4, 2005, NJM filed its response to the Order to Show Cause in opposition to Smyth's submission.  On August 4, 2005, the Court extended the deadline for XL's response by two weeks to August 22, 2005.  On August 15, 2005, XL submitted a letter advising the Court that it would not be filing a response.

In his response to the Court's Order to Show Cause, Smyth first contends that he was never given the opportunity to fully brief the legal issues pertinent to his claims for reimbursement. Specifically, Smyth asserts that the case management order entered in this case did not require that he file his own motion for summary judgment nor was he required to address these issues in conjunction with XL and NJM's cross motions for summary judgment because neither party sought dismissal of the cross claims and third party claims, respectively. NJM counters that: (1) Smyth did not reserve his right to pursue a claim for counsel fees, (2) failed to file a motion for attorneys fees in accordance with pre-trial scheduling orders entered in this matter by Judge Hughes, and (3) failed to take any action (i.e. appeal, motion for reconsideration, or filing of a proper motion for fees) following this Court's February 8, 2005 Opinion, finding that Smyth was not entitled to fees. Notwithstanding whether Smyth reserved his right to pursue fees or complied with pre-trial scheduling orders, Smyth specifically raised and briefed this issue in his November 15, 2004 brief filed in response to the cross motions of XL and NJM and the Court expressly addressed his arguments in its February 8, 2005 Opinion. As discussed above, the Court distinguished the case law proferred by Smyth in support of his position and determined that he had not established his entitlement to fees in this case.

After reviewing the parties' submissions, the Court finds no reason to depart from its earlier decision. "The trial judge has broad discretion as to when, where and under what circumstances counsel fees may be proper." Enright v. Lubow, 215 N.J. Super. 306, 313 (N.J. Super. Ct. App. Div. 1987) (citing Felicetta v. Commercial Ins. Co., 117 N.J. Super. 524, 529 (N.J. Super. Ct. App. Div. 1971)). "Equitable principles must govern the trial judge's decision." Enright, 215 N.J. Super. at 313. Further, "any award of counsel fees pursuant to R. 4:42-9(a)(6) is

3

not mandatory in every action on an indemnity or liability policy." Id.  In Enright, the Court listed several factors that the Court may consider in determining whether fees are appropriate, including:

> (1) the insurer's good faith in refusing to pay the demands; (2) excessiveness of plaintiff's demands; (3) bona fides of one or both of the parties; (4) the insurer's justification in litigating the issue; (5) the insured's conduct in contributing substantially to the necessity for the litigation on the policies; (6) the general conduct of the parties; and (7) the totality of the circumstances.

Enright, 215 N.J. Super. at 313 (citations omitted).

Considering the totality of the circumstances, the Court remains convinced that Smyth is not entitled to attorneys fees.  The incident that is the subject of this litigation occurred on June 11, 2001.  In October 2002 and November 2002, NJM advised Smyth by letter that there was not coverage under his homeowner's policy.  In December 2002, NJM advised Smyth that it did not believe that his automobile policy provided coverage in response to an inquiry from counsel for Plaintiff, rather than counsel for Smyth.  At no time did counsel for Smyth contact NJM regarding either the homeowners or automobile policy.  Further, Smyth did not, as he suggests in his response to the Order to Show Cause, initiate the declaratory judgment action.  Rather, in March 2004, XL initiated the declaratory judgment action against Smyth.  At this point, over two and a half years after the incident and well over a year after NJM advised him that it did not believe that the automobile policy provided coverage, Smyth filed a counterclaim against XL and a third party complaint against NJM.  Within two weeks, NJM contributed to the settlement of Plaintiff's claims.  XL and NJM reserved their rights to continue the declaratory judgment action to resolve coverage issues.  Although the Court does not countenance NJM's failure to promptly intervene on behalf of its insured, there is no evidence to support a finding of bad faith.  This Court finds

that Smyth's lack of diligence clearly protracted resolution of his claims.  Moreover, the Court again emphasizes that Smyth was provided with an adequate defense from the very early stages of this litigation by XL, albeit under a reservation of rights.

Finally, the Court notes that the new case law proffered by Smyth does not support his position.  In <u>Enright</u>, the court declined to award fees, stressing that the insured's conduct contributed substantially to the necessity for litigation.  <u>Enright</u>, 215 N.J. Super. at 313-14.  In <u>Iafelice v. Arpino</u>, 319 N.J. Super. 581 (N.J. Super. Ct. App. Div. 1999), the insured initiated an action after coverage was denied on the grounds that the subject policy had effectively been cancelled.  <u>Id.</u> at 584.  As emphasized in the February 8, 2005 Opinion, Smyth was provided with a defense and did not initiate the declaratory judgment action.  Finally, in <u>Liberty Village Assoc. v. West American Ins. Co.</u>, 308 N.J. Super. 393, 406 (N.J. Super. Ct. App. Div. 1998), the Court emphasized:

> The parties in this case specifically provided that the prevailing party could apply to the court for the award of counsel fees.  While the stipulation does not, of course, promise such an award of fees, it does suggest that both anticipated the likelihood that the loser would pay the winner's fee.

Here, Smyth was less than diligent in pursuing his claims for attorneys fees throughout and did not reserve his right to pursue fees as part of the settlement.  Therefore, the Court finds that Smyth has not offered case law to support his entitlement to fees under these circumstances.  Consistent with the February 8, 2005 Opinion, the Court finds that Smyth is not entitled to fees and costs.

III.    CONCLUSION

       For the foregoing reasons, the Court finds that Smyth has failed to show cause why his cross claims and third party complaint should not be dismissed. Accordingly, Smyth's cross claims and third party complaint are dismissed and the clerk is directed to mark this case closed. An appropriate form of order is filed herewith.

                                                         s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.